## Satterfield's Administratrix *vs* Crow.

### ERROR TO THE CALDWELL COUNTY COURT.

*Mills. Writs of error. Heirs.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS was an application by the defendant in error, to the Caldwell County Court, for leave to erect a water grist mill. He owned the land on one side of the water-course and the bed of the stream. The land on the opposite side, against which he desired to abut his dam, belonged to Elijah Satterfield, to whom he gave the requisite notice of his intended application.

The Court ordered a writ of *ad quod damnum* to issue, which was executed by the Sheriff according to its command. Satterfield died, however, before the return of the inquest. But the Court, notwithstanding his death, without any revivor, and without having made his heirs parties to the proceeding, went on to make a final disposition of the case, and made an order approving of the inquest and establishing the mill and dam.

It was manifestly erroneous after the death of Satterfield, to proceed with the motion until Satterfield's heirs were made parties, or at least such steps were taken for the purpose, as the statute contemplates. The title to the acre of ground, the value of which had been ascertained by the inquest, upon the death of Satterfield, descended to his heirs. They were, therefore, interested in the assessment of its value, and the amount belonged to them. They also, had a right to be heard in opposition to the motion, inasmuch as its successful

MILL CASE.

Case 139.

September 21.

Case stated.

Where a proceeding is carried on to cause land to be condemned for an abutment for a mill-dam and the proprietor of the land sought to be condemned dies, it is necessary to revive against the heirs upon whom the title to the land devolves. And they alone can prosecute a

writ of error for
failure to have
such revivor.

prosecution might result in divesting them of the title to the acre of ground.

But the writ of error for the reversal of the order of the County Court, can only be maintained by the heirs. They alone are prejudiced by the proceedings complained of. The personal representative has no interest in the matter, and cannot prosecute a writ of error in her name. There was no judgment for cost, nor any order affecting the administratrix.

Wherefore, this writ of error is dismissed.

*J. & W. L. Harlan* for plaintiff; *Cates* for defendant.

